MCGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:18-MC-00126-KJM-EFB |
|---|---|
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $20,000.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about April 3, 2018, agents with the United States Postal Inspection Service ("USPIS") seized approximately $20,000.00 in U.S. Currency ("the defendant currency") from Blake Popejoy ("Popejoy") during a parcel interdiction at the Postal Facility on Royal Oaks Drive in Sacramento, California.

2. USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about June 11, 2018, USPIS received a claim from Popejoy asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on April 3, 2018, USPIS conducted a parcel interdiction at the Postal Facility at 2000 Royal Oaks Drive in Sacramento, California. During the interdiction, law enforcement officials identified a parcel that bore markers consistent with parcels used for shipping contraband. The package was addressed to Blake

1

Popejoy, 5064 Sierra Oaks Drive, El Dorado, California, 95623, with the following return address: Stuart Davis, 713 Auburn Preserve Blvd, Auburndale, Florida, 33823.

4. The United States represents that it could further show at a forfeiture trial that on April 3, 2018, law enforcement officials contacted Popejoy, who told them he was expecting a parcel from Amazon. He also told law enforcement he was not expecting anything from Florida as he did not know anyone in Florida. Popejoy told law enforcement officials he would look into his recent Amazon purchases and call back with more information. Popejoy gave consent to open the parcel and told law enforcement officials he told the buyer to send a cashier's check, but the buyer must have sent cash. Popejoy called back and left a message with law enforcement officials that he was selling a 2015 Chevy Duramax Truck to Stuart Davis ("Davis") for $40,000 and Davis had sent the down payment in the parcel secured in a lock box. Popejoy stated he did not know where Davis lived and said Davis told him he would arrange to pick up the truck rather than have it shipped to Davis. Popejoy met Davis on a Facebook page related to Duramax pick-up trucks and did not have any contact information for Davis due to the fact he just got a new phone. Further investigation into Davis revealed that Stuart Davis, who lived at 713 Auburn Preserve Blvd in Auburdale, Florida, died on September 26, 2009.

5. The United States represents that it could further show at a forfeiture trial that a law enforcement official opened the parcel and found a grey safe lock box wrapped in brown paper. The lock box contained four vacuum-sealed bags of cash totaling $20,000. The defendant currency was comprised of 64 - $50 bills, 837 - $20 bills and 6 - $10 bills.

6. The United States represents that it could further show at a forfeiture trial that the parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

7. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

8. Without admitting the truth of the factual assertions contained above, claimant Popejoy specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant

currency. Blake Popejoy acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

9. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

11. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

12. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

13. Upon entry of this Consent Judgment of Forfeiture, $12,000.00 of the Approximately $20,000.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

14. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $8,000.00 of the Approximately $20,000.00 in U.S. Currency shall be returned to claimant Blake Popejoy through his attorney Isaac Safier.

15. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimant waived the provisions of California Civil Code § 1542.

/////

3

16. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

17. All parties will bear their own costs and attorney's fees.

18. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

DATED: November 28, 2018.

_____
UNITED STATES DISTRICT JUDGE